*210
 
 Battle, J.
 

 It is admitted by the counsel for the defendants that the proceedings on the inquisition for a forcible detainer, were not, on account of certain defects apparent therein, any justification for their act in turning the defendant out of the ¿rooms in the Floral College building. But they contend that, in occupying those rooms, the plaintiff was the mere servant of the trustees of Floral College, under whose authority they acted, and that, therefore, they had a right to expel him from the rooms upon his refusal to leave them. The plaintiff insisted that he had rented the steward’s hall, -attached to the College, and the upper rooms of the main College building itself; andthathehadpossessionof them under his lease, which, as he contended, had not expired when the wrong complained of was committed by the defendants ; and that, at all events, even if his lease had expired or did not embrace the rooms in question, he was in the actual peaceable possession of them, and that consequently the defendants were guilty of a trespass in turning him out of them. His Honor instructed the jury that, in either view in which the plaintiff had presented his case, he was entitled to recover, and the propriety of those instructions is brought before us upon the appeal of the -defendants.
 

 The terms of the alleged lease are not very distinctly shown by the testimony which is set forth in the bill of exceptions, but that is not of much consequence in the determination of the case, because his Honor held that if the plaintiff had the control and management of the rooms, and the furniture in them was his property, and some of them were occupied by his boarders, and others were locked, and the keys in his possession, after having been recently occupied by his boarders, he had such possession of them as entitled him to maintain the action against the defendants. In this opinion of his Honor, it is assumed that the legal title of the College buildings was in the trustees of the College, of whom the defendants were a committee, and that they were in the actual occupation, for College purposes, of the lower rooms: under these circumstances, we cannot see how this case can be dis
 
 *211
 
 tinguished from that of the
 
 State
 
 v.
 
 Curtis,
 
 4 Dev. & Bat. 222. That was a case where the proprietor of a school employed a person named Pope, as a steward and servant in the establishment, and assigned, for his lodging, rooms in a house situated within the curtilage, 'but not connected with the dwelling house of the proprietor by any common roof or covering, and for which lodging rooms the steward paid no rent. The Court decided that the house occupied by the steward was not, in law„
 
 Ms
 
 dwelling house, but was the. dwelling house of the proprietor of the school, and that no indictment would lie against the proprietor for an entry and expulsion of the steward from such house, provided there was no injury to his person, or other breach of the peace.
 

 ,- Now in the absence of any lease for the rooms in question in this case, the plaintiff must have occupied them as the mere servant or agent of the trustees, and he could not have any possession distinct from theirs. He could not, therefore, maintain an action against them, or the defendants, as their committee, for removing his furniture from the rooms after a demand and refusal to surrender them, provided they used no unne.cessary violence in doing it. He certainly has no right to complain of their breaking the doors of their own rooms.
 

 The subject is fully discussed in the case to which we have alluded, and we deem it unnecessary to repeat the reasons given for the decision. See also
 
 State
 
 v.
 
 Pridgen,
 
 8 Ire. Rep. 84.
 

 Our conclusion, then, is that his Honor erred in the latter part, at least, of the instructions which he gave the jury, and for this there must be a
 
 venire de novo.
 

 PeR CuRiAM. . Judgment reversed.